IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ROBERT STRINGER, | ) |
| Plaintiff, | ) 2:21-CV-00547-CRE |
| vs. | ) |
| C/O BRIAN HENDERSON, C/O JEREMY BENNETT, C/O DAY, | ) |
| Defendants, | ) |

**MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

I.   **INTRODUCTION**

Plaintiff Robert Stringer is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") currently confined at the State Correctional Institution at Somerset ("SCI Somerset") and initiated this civil rights action pro se in the Court of Common Pleas of Greene County, Pennsylvania against three Corrections Officers related to events that occurred at his prior place of confinement SCI Greene. Defendant Corrections Officer thereafter removed the instant suit to this court and currently move to dismiss Plaintiff's "access to courts" claim at Count III of Plaintiff's amended complaint. (ECF No. 15).

While the court entered a briefing order for Plaintiff to respond to the Corrections Officers' motion to dismiss by October 15, 2021, at present he has failed to do so and the motion will be decided without the benefit of Plaintiff's response. The court has jurisdiction under 42 U.S.C. §

---

[1]   All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

1331.  For the reasons that follow, Corrections Defendants motion to dismiss is granted.

## II.  BACKGROUND

Plaintiff's claims relate to events that occurred over a three-month period in which he alleges that at least three individuals violated his constitutional rights.  According to Plaintiff, on June 13, 2019, he was called to security and when he was in the waiting area, Defendant Officer Henderson came out into the waiting area and announced three times that Plaintiff was there to provide information to Security. Am. Compl. (ECF No. 14) at ¶¶ 1-6.  After Plaintiff returned to his housing unit, other inmates learned that Plaintiff spoke with Security and confronted him by designating him a snitch and a rat. Id. at ¶ 7.  Plaintiff reported this to his housing unit Sergeant and he was placed in Administrative Custody in the Restricted Housing Unit ("RHU") that same day for his protection. Id. at ¶ 8.  Plaintiff alleges that at this time he had an appeal pending before the Pennsylvania Superior Court, Case No. 189 WDA 2019 and alleges that Corrections Defendants Bennett and Day hindered his ability to access his legal property to file a timely brief in the Superior Court. Id. at ¶¶ 18-49.  He alleges that his appeal was dismissed because he failed to file a brief. Id. at ¶¶ 49-50.

Corrections Defendants moved to dismiss Plaintiff's original complaint, and after seeking additional time to respond, Plaintiff filed an amended complaint.  Plaintiff's amended complaint includes three claims: (1) an Eighth Amendment failure to protect claims pursuant to 42 U.S.C. § 1983 against Corrections Defendant Henderson; (2) a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983 against Corrections Defendants Bennett and Day; and (3) a First Amendment access to courts claim pursuant to 42 U.S.C. § 1983 against Corrections Defendants Bennett and Day.  Corrections Defendants now seek to dismiss Plaintiff's "access to courts" claim.

## III.  STANDARD OF REVIEW

A pro se pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). As a result, a pro se complaint under § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). While pro se litigants are afforded this leniency, they "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to pro se litigants" because pro se litigants must be treated "the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245, 58 V.I. 691 (3d Cir. 2013). *U. S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner ... may be inartfully drawn and should be read "with a measure of tolerance")).

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements."

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Fed. R. Civ. P. 12(b)(6) motion, the court's role is limited to determining whether a plaintiff has a right to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a

4

plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Even so, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached , without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 (3d Cir. 2004) n. 5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### IV. DISCUSSION

#### a. Defendant Gumbarevic

While Plaintiff did not include Defendant Gumbarevic in the caption of his amended complaint which resulted in Defendant Gumbarevic being terminated from this action, he names Defendant Gumbarevic in the body of his complaint and alleges his personal involvement in the alleged violation of Plaintiff's First Amendment access to courts right. Therefore, in the interests of justice and given the liberality afforded to pro se parties, the Court will construe Plaintiff's amended complaint as asserting an access to courts claim against Defendant Gumbarevic.

#### b. Access to Courts

Plaintiff alleges that Defendants violated his right of access to the courts when they did not provide him with his legal documents after he was transferred into Administrative Custody on June 13, 2019. Compl. at ¶ 7. Plaintiff alleges that he had a deadline in his Superior Court action on August 12, 2019. Compl. at ¶ 17. He alleges that he asked numerous times for his legal documents

but was not provided with them and on August 8, 2019, he sought an extension of time to file his brief which the court granted and was given until September 10, 2019 to file his brief.  Compl. at ¶ 38.  He claims that thereafter, he was "finally given some of his legal work but he was not given the legal work that he needed to file his brief because the C/Os instead of taking him to go through his legal work . . . they randomly went through his legal work outside of his presence and gave him whatever they picked." Compl. at ¶ 39.  Plaintiff attempted to receive the paperwork that he required to write his brief but did not receive it and did not file an appeal brief in his Superior Court case. Compl. at ¶¶ 40-49.  His appeal was dismissed for failing to file a brief. Compl. at ¶ 50.

Defendants argue that Plaintiff's access to courts claim should be dismissed because has not established that he suffered an actual injury.

Prisoners maintain a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606.  Where prisoners allege that institutional defendants have "inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' — that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)).  The prisoner's complaint "must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.' " *Monroe*, 536 F.3d at 205-06 (citing Christopher, 536 U.S. at 416-17).

Courts in this circuit have consistently found that prisoners do not suffer an "actual injury" for an access to courts claim where it is solely alleged that corrections institutions withheld legal

documents from the prisoner. *See Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (group of prisoners could not establish an actual injury for an access to courts claim where they alleged institution confiscated all of the plaintiffs' materials including "legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes."); *Adams v. Correctional Emerg. Response Team*, 20-2693, 2021 WL 1608550 (3d Cir. Apr. 26, 2021) (alleging confiscated legal documents was insufficient to show actual injury for an access to courts claim); *Williams v. Clancy*, 449 Fed. Appx. 87, 89–90 (3d Cir. 2011) (no actual injury for an access to courts claim where prisoner alleged he did not have access to a law library, the institution withheld certain legal documents and recorded communications with the District Court Clerk).

While Plaintiff alleges that Corrections Defendants did not provide Plaintiff with his legal documents after being transferred into Administrative Custody and thereafter ignored his requests for his legal work, gave him the wrong legal documents and did not give him the opportunity to review the documents to be given the correct ones, this alone is insufficient to state an access to courts claim. While Plaintiff claims that his legal documents were necessary to file an appeal brief, and that he had an arguable legal claim because the trial court failed to address certain arguments he raised which would have entitled him to a remand, he has failed to allege what information any of the missing legal documents contained or how the missing legal documents were necessary to file his appeal brief. *See Christopher v. Harbury*, 536 U.S. 403, 415-16, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). Therefore, Plaintiff has not adequately alleged that he suffered an "actual injury" due to the absence of his legal materials and Corrections Defendant's motion to dismiss Plaintiff's access to courts claim is granted and Plaintiff's claim is dismissed with prejudice as amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## V. CONCLUSION

Based on the foregoing, Corrections Defendants' motion to dismiss Plaintiff's First Amendment access to courts claim is dismissed with prejudice.

An appropriate Order follows.

Dated: January 24, 2022.

By the Court,
s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge